## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**ELIJAH M. LANDON**                                                                                              **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 4:19-CV-182-JHM**

**COUNTY OF DAVIESS** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter is a *pro se* 42 U.S.C. § 1983 civil-rights action. Because Plaintiff Elijah M. Landon is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff Elijah M. Landon filed a 73-page type-written complaint which only he signed.[1] He names as Defendants Daviess County; Daviess County Family Court; Daviess County Child Support Division; Daviess County Circuit Court Clerk; and the Daviess County Sheriff's Department. Plaintiff also names the following Defendants "as individuals"[2] – Domestic Relations Commissioner Angela Thompson; Judges Joe Castlen, John McCarty, and Julie Hawes Gordon; attorneys Chris Compton, Thomas Vallandingham, and Donna Dant; security guard/bailiff Edward McCormick; Plaintiff's ex-wife, Sabrina Smith; and "Doe 1."

---

[1] In the complaint, Landon names as co-plaintiffs his minor daughter; his fiance, Ramonda Payne; her minor daughter; and "the Landon Family." As a *pro se* litigant, Landon may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that a plaintiff may not appear *pro se* where interests other than the plaintiff's are at stake). "Parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Therefore, Plaintiff Elijah M. Landon (hereinafter "Plaintiff") is the only proper plaintiff to this action.

[2] The Court construes this term to mean that Plaintiff sues these Defendants in their individual and not their official capacities.

Plaintiff's claims center upon the actions taken by Defendants in the course of his custody proceedings in state court. He specifically complains about his minor child being removed from his custody by the state court. He states that falsified documents and perjured testimony were provided by various Defendants and relied upon in decisions made by the state court while "exculpatory evidence" and evidence favorable to him were routinely excluded from consideration. Ultimately, Plaintiff claims that Defendants were involved in the "unwarranted seizure and detention of a minor child"; deception in the presentation of evidence; and "Troxel-related" claims. He also states that his rights have been violated under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as well as under state law.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state-court judgments. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779 (6th Cir. 2005). Plaintiff claims that Defendants have acted unconstitutionally in his state-court custody case. Hearing these claims would require the Court to address issues inextricably intertwined with those already adjudicated in state court. The *Rooker-Feldman* doctrine, therefore, deprives the Court of jurisdiction to hear them. However, even if the Court were to address Plaintiff's claims on the merits, they would fail for the reasons set forth below.

3

### B. 42 U.S.C. § 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Defendants Daviess County Family Court and Daviess County Circuit Court Clerk

A state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, Plaintiff's claims against Daviess County Family Court, which is a division of the Daviess County Circuit Court,[3] and the Daviess County Circuit Court Clerk[4] must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief. *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred

---

[3] Section 109 of the Kentucky Constitution provides:
> The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration. . . .

[4] The Circuit Court "clerks are state officers whose duties are coextensive with the Commonwealth . . ." Ky. Rev. Stat. § 30A.010.

by Eleventh Amendment); *Cope v. Jeferson Cty. Circuit Court*, No. 3:15CV-P254-TBR, 2015 U.S. Dist. LEXIS 122624, at *5-6 (W.D. Ky. Sept. 15, 2015) (dismissing claim against the Jefferson County Circuit Court Clerk's Office Bond Division because not a "person" subject to suit under § 1983 and barred by the Eleventh Amendment); *Benton v. City of Louisville Family Court Div.*, No. 3:14CV-263-S, 2014 U.S. Dist. LEXIS 114080 (W.D. Ky. Aug. 18, 2014) (dismissing claim against the "City of Louisville Family Court Div." as barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

### 2. Defendants State-Court Judges Joe Castlen, John McCarty, Julie Hawes Gordon, and Domestic Relations Commissioner Angela Thompson

The complaint suggests that Defendants Castlen, McCarty, and Gordon are the judges who have presided over Plaintiff's state-court custody case. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11; *see also Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983 . . . even where a judge acts corruptly or with malice.") (internal citation omitted) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). A judge is not immune, however, under two circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity;" and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12 (citations omitted).

The allegations in the complaint indicate that Plaintiff sues these Defendants based on actions they took as judges in his state-court action. Therefore, the Court concludes that absolute judicial immunity bars Plaintiff's claims against Defendant Judges Castlen, McCarty, and Gordon. *See, e.g.*, *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.1994) (state judge's orders in child custody and visitation proceedings "affected the rights only of the individual plaintiffs in specific judicial proceedings" and thus were "paradigmatic judicial acts" entitling the judge to absolute judicial immunity).

The Court next turns to Plaintiff's claims against Defendant Thompson. Although not a judge, Defendant Thompson was apparently appointed to serve as the Domestic Relations Commissioner in Plaintiff's state-court action. Based upon Plaintiff's complaint, it appears that Defendant Judge Castlen relied upon her to carry out various evidentiary hearings and to make reports and recommendations to him regarding issues in the Plaintiff's case. Thus, although Defendant Thompson was not a judge, the Court finds that she is also entitled to absolute judicial immunity for the actions she took in Plaintiff's state-court action. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) ("When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges - - that is, because they, too, 'exercise a discretionary judgment' as part of their function."); *Forrester v. White*, 484 U.S. 219, 229 (1988) ("[I]t was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis."); *see also Johnson v. United States*, No. 4:01CV-193-JHM, 2009 U.S. Dist. LEXIS 143278, at *10-11 (W.D. Ky. Mar. 6, 2009) (holding that a Special Domestic Relations Commissioner was entitled to absolute judicial immunity because the commissioner exercised discretionary judgment in

acting as a neutral fact-finder for the court and "[f]act finding is an integral part of the judicial process and a function naturally associated with judges.").

### 3. Defendants Chris Compton, Thomas Vallandingham, and Donna Dant

Although it is not entirely clear from the complaint, it appears that Defendants Chris Compton and Thomas Vallandingham represented Defendant Sabrina Smith, Plainiff's ex-wife, in the state-court custody proceedings about which Plaintiff complains. It appears that Defendant Dant was Plaintiff's attorney in the same action. It is firmly established that an attorney representing a party in a case does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, because these Defendants do not appear to be state actors, they cannot be sued under § 1983, and all federal claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendant Edward McCormick

The Court next turns to Defendant McCormick. Plaintiff seems to allege that he is a security guard/bailiff employed by the Daviess County Sheriff's Department to work at the Daviess County Judicial Center. Plaintiff alleges that Defendant McCormick made derogatory remarks and threats and followed him when he was in the courthouse. The Court can discern no viable constitutional claim against Defendant McCormick based upon these allegations. Thus, the claims against him will be dismissed for failure to state a claim upon which relief may be granted.

### 5. Defendant Sabrina Smith

The Court next turns to Plaintiff's claims against Defendant Smith. Plaintiff indicates that Defendant Smith is his ex-wife and the petitioner in his state-court divorce and custody proceedings. "A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (holding that obtaining a personal protective order (PPO) does not make a private litigant a state actor); *see also Chaplin v. Anderson*, No. 18-cv-12108, 2019 U.S. Dist. LEXIS 43738, at *7 (E.D. Mich. Feb. 13, 2019) (holding that an ex-spouse, even when acting with a divorce attorney, is not a state actor) (citing *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. June 28, 2005)). Thus, the Court will dismiss any claims brought against Defendant Smith pursuant to § 1983 for failure to state a claim upon which relief may be granted.

### 6. Defendant Daviess County

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here Plaintiff claims that Daviess County violated his rights by failing to establish customs, policies, and practices required to protect his civil rights as a father in his ongoing state-court custody proceedings. He then sets forth a litany of custom or policies he alleges Daviess County has either adopted or failed to adopt which caused the violation of his constitutional rights by "the Daviess County Family Court Defendants: Thompson, Castlen, McCarty, Gordon, Vallandingham, Compton, [and] McCormick."

Despite his allegations so assuming, Plaintiff has failed to show that Daviess County can be held responsible for any violations of his constitutional rights that allegedly occurred in a *state-court* proceeding. Moreover, with the exception of Defendant McCormick, and as discussed above, the "Daviess County Family Court Defendants" listed by Plaintiff are either state officials or not state actors. For these reasons, the Court concludes that Plaintiff has failed to state a claim against Daviess County.

### 7. Defendants Daviess County Child Support Division and the Daviess County Sheriff's Department

The Court next turns to Plaintiff's claims against the Daviess County Child Support Division and the Daviess County Sheriff's Department. Plaintiff's claims against these Defendants must be dismissed because municipal departments are not "persons" subject to suit under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Rather, in this situation, it is Daviess County, against which Plaintiff also brings suit, which is the proper defendant. *Monell,* 436 U.S. at 690 n.55; *see also Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself); *Boyd v. Child Support Div.*, No. 1:20-CV-00003-GNS, 2020 U.S. Dist. LEXIS 56373 (W.D. Ky. Mar. 31, 2020) (dismissing claims against the Warren County Child Support Division and the Warren County Sheriff's Department as duplicative of the claims against Warren County).

Thus, the Court will dismiss Plaintiff's claims against the Daviess County Child Support Division and the Daviess County Sheriff's Department because they are duplicative of Plaintiff's claims against Daviess County.

**C. State-Law Claims**

Because Plaintiff's federal claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's state-law claims will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: June 3, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011